Jaswant **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75384.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006 *.

Filed April 16, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anju Multani, Downey, CA, Judith Lott, Newark, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Gary M. Guarino, Esq., USAK–Office of the U.S. Attorney, Anchorage, AK, for Respondent.

Before: TASHIMA and McKEOWN, Circuit Judges, and EZRA **, District Judge.

## MEMORANDUM ***

Jaswant Singh, a citizen of India and a Sikh, petitions for review of the Board of Immigration Appeals's ("BIA") decision to deny his application for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3)(A), based on an adverse credibility finding. He alleges he was twice arrested and beaten by the police in India because of his political party affiliation and/or because of the party affiliation of his brother and uncle. The immigration judge ("IJ") had jurisdiction over petitioner's claim for asylum and withholding of removal under 8 U.S.C. § 1229a. We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review a BIA decision that an alien has not established eligibility for asylum to determine whether it is supported by substantial evidence. Where the BIA has adopted the IJ's reasoning without opinion, we review the IJ's decision as we would review that of the BIA. *See* 8 C.F.R. § 1003.1(e)(4); *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004); *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Substantial Evidence Supports the IJ's Denial of Asylum.

Substantial evidence supports the IJ's denial of Singh's asylum claim on the basis of an adverse credibility finding. In particular, two cited inconsistencies between Singh's asylum application and his oral testimony go the heart of Singh's claimed persecution because they directly deal with the significant events that took

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

place during the alleged arrests and beatings. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004) ("An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of [the] asylum claim." (brackets in the original) (citation omitted)).

Singh's testimony regarding his father's whereabouts during Singh's alleged hanging is inconsistent. Singh testified that his father was present when he was detained and hung upside down by the police, but according to his statement his father was kept separate from Singh. The alleged hanging forms a central part of Singh's claim of persecution, as it is arguably the most brutal instance of violence he cites. It is noted specifically in his asylum application, but Singh fails to mention that his father observed it. As the IJ noted, the presence of a family member would "enhance" the persecution claim because it would make the hanging even more traumatic. Someone who was brutalized in this manner would likely remember whether his father was there when it occurred. Thus, the presence of Singh's father while this took place is not merely a minor discrepancy or omission.

Singh also testified contrary to his asylum application with respect to the whereabouts of his brother and uncle during Singh's second detention in 1999. According to his declaration, Singh's uncle and brother went into hiding after Singh was first arrested in January 1998. The asylum application mentioned seeing his brother only at Singh's wedding after the brother went into hiding. Thus, the asylum application mentions neither his brother nor his uncle as playing a part in the 1999 arrest. However, as the IJ noted, Singh subsequently stated twice during his testimony that his brother and uncle accompanied the panchayat to pick him up at the police station when he was released.

He claimed that the brother and uncle were detained by the police and then released.

This is a significant inconsistency. Singh has asserted that his persecution stemmed from his familial ties to his uncle and brother. As Singh stresses in his appeal, he was not politically active, but his brother and uncle were, and the Indian police harassed Singh in part to seek information about them from Singh. Consequently, the uncle and brother figure importantly in Singh's story, and their whereabouts are not simply a minor detail.

The record reveals that Singh had the opportunity to explain both of the key inconsistencies discussed above, but failed to do so. *Cf. Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (reversing negative credibility finding because, *inter alia,* petitioner was denied a reasonable opportunity to explain a perceived inconsistency). With respect to Singh's inconsistent description of whether he and his father were separated during their joint detention, the IJ directly indicated at the time of the question that Singh's description did not match the asylum application, asked Singh directly about the discrepancy, and finally indicated that he was going to allow Singh's lawyer to try to clear up the inconsistency. The IJ also brought to Singh's attention the discrepancy regarding the whereabouts of Singh's brother and uncle during Singh's 1999 arrest.

In sum, two of the identified grounds underlying the IJ's negative credibility finding are significant and supported by substantial evidence.

## II. Substantial Evidence Supports the IJ's Denial of Withholding of Removal.

An application for asylum under 8 U.S.C. § 1158 is generally considered an application for withholding of removal un-

der 8 U.S.C. § 1231(b)(3), as well. *See* 8 C.F.R. § 1208.3(b); *Ghadessi v. INS*, 797 F.2d 804, 805 n. 1 (9th Cir.1986). An applicant for withholding of removal must demonstrate that his life or freedom would be threatened in the proposed country of removal, based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b); *see Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (explaining the burden of proof in withholding of removal claim).

■ The alien is required to show there is a clear probability, that it is "more likely than not," that he would suffer future persecution if returned. *See id.* at 888–89. The IJ denied Singh's claim for withholding of removal primarily on the same basis as the denial of asylum. He stated that Singh's testimony regarding claimed past persecution was incredible. The IJ also detailed evidence presented by the government tending to show that India and the state of Punjab were relatively safe for Sikhs because the Sikh militancy had ended by 1994. He noted that there was no evidence that there was any clear probability of future harm to Singh if he were returned to India.

As discussed above, substantial evidence supports the IJ's determination that Singh was not credible regarding his claims of past persecution. Beyond such testimony, Singh presented no objective evidence regarding conditions for Sikhs in India. Overall, Singh failed to demonstrate that it was "more likely than not" that he would suffer persecution on removal to India.

Petition for review **DENIED.**